BYRNES, Judge.
The defendant, Gary Nogess, appeals his conviction for forgery, a violation of LSA R.S. 14:72. The jury unanimously found him guilty of two of the four counts charged. The judge sentenced him to two concurrent sentences of five years at hard labor.
The facts of the case are as follows: In May of 1984, the defendant cashed two checks at Ciaccio’s Food Store. One was for $100.00; the other was for $57.10. Both checks were drawn on the Louisiana Jazz and Heritage Festival (Jazz Fest) account and were two of six presigned, blank checks stolen from a Jazz Fest employee. Since the defendant was a customer of Ciaccio’s, the manager, David Sievers, remembered and identified him as the person cashing the checks. He was arrested and tried for forgery and passing a forged instrument.
During discovery, the defendant requested that the state disclose the existence of all oral statements of any nature made by the defendant. The state replied that no statements existed.
At trial, the defendant testified that he earned the checks as a seamstress. To rebut this testimony, the state recalled David Sievers. Over the defendant’s objection, Sievers was allowed to testify that when the defendant cashed the check, he said that he earned it as a dancer at the Jazz Fest.
On appeal, the defendant argues that the state’s failure to disclose the existence of this statement was a violation of due process. He argues that in accord with C.Cr.P. Art. 729.5 the appropriate remedy is a new trial. We disagree.
Under Article 716(B) of the Code of Criminal Procedure the state must inform the defendant of the existence, but not the contents, of any such statements. The state must also reveal when, where, and to whom the statements were made.
Here, the defendant requested notification of the existence of any statements. Although the state replied that none existed, the Assistant D.A. openly admited at trial that he planned to use the statement in his case in chief. The state argued that since the statement was part of the res gestae it was not subject to discovery under C.Cr.P. 716(B). The trial judge agreed, basing his ruling on State v. Smith, 466 So.2d 1343 (La.App. 3rd Cir.1985).
In Smith the Third Circuit Court held that under C.Cr.P. Art. 716, the state is not required to give notice of their intent to use res gestae statements. The Smith decision relied on State v. Belgard, 410 So.2d 720 (La.1982).
Having reviewed Belgard we disagree with the Smith court’s interpretation of the case. Belgard examined the state’s obligation to notify the court of its intent *490 to use evidence of other crimes, not oral statements which are part of the res ges-tae. Belgard specifically declined to examine the Art. 716(B) argument on the ground that the objection was not raised at the trial court level. Id. at 723. We therefore reject the holding in Smith. Those cases which have addressed the applicability of Art. 716(B) to res gestae statements have held that they are discoverable. See State v. Jones, 408 So.2d 1285 (La.1982); State v. Freeman, 447 So.2d 1145, 1153 (La.App. 3rd Cir.1985).
Although the state’s failure to comply with the article is error, it is not grounds for reversal unless basic unfairness to the defendant results in State v. Jackson, 450 So.2d 621 (La.1984) the Louisiana Supreme Court stated:
If a defendant is misled by state responses relative to the state's possession of oral inculpatory statement and is lulled into a misapprehension of the strength of the state’s case and suffers prejudice when the statement is subsequently introduced at trial, basic unfairness results which constitutes reversible error. Id. at 630.
In the present case, the state’s responses to the Art. 716(B) inquiry did mislead the defendant. However, having reviewed the record, we do not find that the defendant was prejudiced by the introduction of the statement. The purpose of giving defendant prior notice of each statement the state intends the use, is to permit defendant a fair opportunity to meet the issue. State v. Jackson, supra.
Here the defendant was given time to consider the impact of Sievers’ testimony and an opportunity to retake the stand to clear up any conflict between his statement to Sievers at Ciacio's and his testimony at trial. Under these circumstances, it appears that the defendant was given an opportunity to meet the issue and we cannot say that the state’s failure to disclose the existence of the statement resulted in an unfair trial.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.
SCHOTT, J., concurs in the result.