FORET, Judge.
Defendant, Keith Wayne Roy, was charged by a bill of information with the crime of simple burglary, in violation of La.R.S. 14:62. Defendant entered a plea of not guilty. On May 20, 1985, a six-person jury rendered a unanimous verdict, finding defendant guilty as charged. On May 24, 1985, the State filed a bill of information charging the defendant as an habitual offender. On August 16,1985, the trial court sentenced defendant to serve twenty years, without benefit of parole, probation, or suspension of sentence.
Defendant has appealed his conviction and raised the following assignments of error:
(1) There was insufficient evidence to prove defendant’s guilt, and;
(2) The trial judge erred in allowing the admission into evidence of a photograph taken several weeks after the commission of the offense.
FACTS
At approximately 1:30 A.M., during the morning of January 25, 1985, Officer Lane of the Lake Charles City Police was dispatched to J and J’s Speed Shop to investigate an alarm. Upon arriving at the building, the officer saw that a glass door had been broken and also noticed a white vehicle across the street with the engine running. Officer Lane was joined by two other officers and the three of them took up positions around the building. As the officers watched the building, they heard a loud noise and saw a tire roll out of the broken glass door, shattering the remaining glass. Someone in the building then pulled the tire back in. A few minutes later, defendant ran out of the broken glass door. Defendant ignored the officers’ order to stop and one of the officers tripped him. The officers then handcuffed the defendant and placed him under arrest.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant contends that there was insufficient evidence to convict him of simple burglary. In reviewing the sufficiency of evidence, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found that every essential element of the crime was proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). La.R.S. 14:62 provides, in pertinent part:
*505 “Simple burglary is the unauthorized . entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.”
The arresting officers testified that they responded to an alarm which went off at J & J’s Speed Shop during the early morning hours of January 25, 1985. On their arrival at the building, they found that one of the glass doors had been broken, heard a loud noise, and saw a tire roll through the broken glass door. They further testified that they saw two hands, which appeared to be the hands of a white male, pull the tire back into the building. A few minutes later, the officers saw defendant, a white male, running out of the broken glass door. Inside the building, the officers found two tires on mag rims by the broken glass door. The cash register drawer was open and was empty. The back door of the building was locked, and the officers found no one else in the building. The owner of J & J’s Speed Shop, Melvin Granger, Jr., arrived on the scene shortly after defendant’s apprehension. At trial, he testified that the tires found near the front door were not in the place they had been at the close of business on January 24, 1985. He also testified that a considerable amount of change was missing from the cash register drawer. He further testified that he did not know the defendant and had not given him permission to be inside his building at 1:30 A.M. on the morning of January 25, 1985.
Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that defendant was guilty of simple burglary, i.e., that he had made an unauthorized entry into J & J’s Speed Shop with the intent to commit a theft therein.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant maintains that the trial court erred when it allowed the prosecution to place into evidence a photograph taken several weeks after the commission of the offense. Specifically, the defendant seems to argue that, despite his motion for discovery, the Slate did not disclose the existence of this photograph and that this failure, coupled with the photograph’s introduction into evidence, prejudiced the defendant.
The photograph in question depicts the building which houses J & J’s Speed Shop. The failure of the State to comply with discovery procedures does not automatically require a reversal. State v. Vaccaro, 411 So.2d 415 (La.1982). The defendant is only entitled to a reversal if he has been prejudiced by the State’s failure. State v. Anderson, 440 So.2d 205 (La.App. 3 Cir.1983). An appellate court must examine the circumstances to determine whether the defendant was actually prejudiced by the non-disclosure. State v. Smith, 466 So.2d 1343 (La.App. 3 Cir.1985). In the present case, the non-disclosure did not result in any prejudice to defendant. The photograph, a picture of the building where the incident occurred, was innocuous. By no stretch of the imagination could this photograph have influenced the jury with respect to their verdict. This is particularly true given the strength of the other evidence against defendant. Defendant was caught in the act. It is inconceivable that the introduction of the photograph could have prejudiced him. This assignment of error is without merit.
DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.