FORET, Judge.
Defendant, Charles Johnny Upchurch, was indicted on the charge of manufacturing and possessing with intent to distribute methamphetamine, in violation of La.R.S. 40:967(A)1, and was convicted of one count of possession of methamphetamine with intent to distribute and one count of manufacture of methamphetamine. Defendant was sentenced to two concurrent eight-year sentences, at hard labor. Defendant now appeals his convictions and sentences based on the following assignments of error:
1. Trial court erred in failing to grant the Motion to Suppress the evidence in the case.
2. Trial court erred by allowing testimony by the state’s witness, Dale Folds, as to statements allegedly given by the defendant when the state did not lay a proper foundation for the same.
3. Trial court erred by allowing testimony of Deputy Randall Johnson as to evidence of other crimes which were not relevant to this matter, nor had there been proper notice given to the defense as to their intent to offer such evidence as required by R.S. 15:445 or R.S. 15:446, pursuant to Article 720 of the Louisiana Code of Criminal Procedure.
4. Trial court erred by not granting a mistrial after allowing evidence of other crimes to be introduced at the trial of this matter, when moved for by the defendant.
5. Trial court erred by failing to allow a judgment of acquittal because the law and the evidence were not sufficient to sustain a verdict of guilty.
6. Trial court erred by sentencing defendant to an excessive sentence which constitute cruel and unusual punishment.
FACTS
Approximately four months prior to December 18, 1984, Randall Johnson, an undercover narcotics detective with the Calca-sieu Parish Sheriff’s Office, conducted a surveillance of defendant Upchurch’s trailer. On November 18, 1984, in connection with Randall Johnson, deputies Dale Folds and Grant Granger, issued to a confidential informant a quantity of money with which *115 to purchase methamphetamine from Up-church. After leaving the residence, the confidential informant told the deputies that Upchurch advised him that they would be doing business with him, referring to narcotic trafficking. The informant also informed the deputies that he detected an odor inside defendant's residence which was characteristic of methamphetamine. Deputy Johnson, who had been in the defendant’s residence prior to the confidential informant’s visit, had also detected the odor of chemicals characteristic of methamphetamine and experienced a burning sensation of the eyes, which is characteristic of the effects of phenylacetic acid, which is a chemical used to produce methamphetamine. In addition to this operation, Deputy Johnson had been working an undercover operation involving Marilyn Johnson, who had informed Deputy Johnson that she could acquire large quantities of methamphetamine, cocaine, or marijuana at the defendant’s residence. She also told Deputy Johnson that methamphetamine was being manufactured by defendant at his residence and that he had been manufacturing it for years. Deputy Johnson met with Marilyn Johnson in the early afternoon of Wednesday, December 19,1984, and issued her a sum of money with which to purchase a quantity of methamphetamine. Marilyn Johnson was seen by narcotics detective, Deputy Granger, leaving the meeting with Deputy Johnson and going directly to the residence of Upchurch. Marilyn Johnson left that location and went immediately to meet with Randall Johnson and delivered a quantity of methamphetamine to him. Approximately four weeks prior to this, affi-ants Folds and Granger had received information from State Police Sergeant Jerome Sigur that an agent of the Drug Enforcement Agency had informed him that Charles Johnny Upchurch had picked up the chemicals necessary for the manufacture of methamphetamine in Houston, Texas, and the quantity of chemicals he picked up could be used to manufacture approximately 15 pounds of methamphetamine. Pursuant to these events, the district judge issued a search warrant for the residence of Upchurch at Route 15, Box 1722, Miller Street, Lake Charles, Louisiana. A variety of controlled dangerous substances, as well as several items of alleged “drug paraphernalia” were confiscated. Defendant made certain inculpatory statements at the time of the search.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant argues that the trial court erred in failing to grant his motion to suppress evidence seized because the officers who obtained the search warrant did not have any personal knowledge of any evidence developed at the scene. Defendant argues that no probable cause existed because the affiants were relying on the untested testimony of one narcotics violator, Marilyn Johnson.
La.C.Cr.P. art. 162 states that a search warrant shall issue only on probable cause. Probable cause to obtain a search warrant exists where the facts and circumstances within an affiant’s personal knowledge, and of which he has reasonable trustworthy information, are sufficient to form a reasonable belief that the offense has been committed and evidence may be found at the place to be searched. State v. Lewis, 442 So.2d 1159 (La.App. 3 Cir.1983), writ den., 444 So.2d 1214 (La.1984). The judicial officer must have enough information to support his individual judgment that probable cause exists. State v. Hughes, 433 So.2d 88 (La.1983).
In this case the affiants knew from a trustworthy source that the defendant had purchased a large quantity of chemicals from a Houston manufacturer. The affiants knew that a fellow officer had been in defendant’s home and smelled chemicals which the fellow officer knew were used to manufacture methamphetamine. Affiant, Deputy Granger, personally surveilled Marilyn Johnson during her methamphetamine purchase from defendant. Both affiants had reasonably trustworthy information (Granger from his participation and Granger and Folds from a fellow officer, Randall Johnson) that Marilyn Johnson had purchased methamphetamine from the defendant and that more *116 methamphetamine was present at defendant’s residence.
A magistrate’s determination of whether probable cause for issuance of a search warrant exists is entitled to great deference. We cannot say that the judge abused his discretion in finding that there was probable cause to issue this search warrant.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial court erred by allowing into evidence the testimony of Deputy Dale Folds as to inculpatory statements made by defendant. Specifically, the defense contends that these statements were not free and voluntary. The defense argues that Deputy Folds’ testimony at a preliminary hearing for this defendant on December 19, 1984, and his testimony at the instant trial were inconsistent, and that the prosecution had failed to show that these statements were post Miranda, and were made free and voluntary. In support of this contention, the defense attorney sought to quote a section from the preliminary examination contending that Deputy Folds had not read defendant his rights. The judge read the transcript, however, and found a section which said, “After the arrest, was Mr. Upchurch questioned after being advised of his Miranda rights?” The answer was, “Mr. Upchurch spoke to us voluntarily.”
Obviously, the question presupposes that the defendant had been advised of his Miranda rights. At trial, Deputy Folds testified that the defendant was informed of his rights and that he was not coerced, threatened, or promised anything for his statement. This leads us to the conclusion that although there was some confusion in the testimony of Deputy Folds at the preliminary examination and at trial, the statement was free and voluntary. Additionally, no other evidence was offered in opposition to Deputy Folds’ testimony.
In cases where the police officer’s testimony regarding voluntariness of a confession or admission is inapposite to the defendant’s testimony, the Supreme Court has sometimes found no error in the trial judge’s crediting the police officer’s testimony. State v. Robertson, 421 So.2d 843 (La.1982). (See State v. Serrato, 424 So.2d 214 ((La.1982)). In the instant case, the police officer’s testimony was uncontradict-ed.
The trial judge saw the witness and was in the best position to judge his credibility. We cannot say the trial judge erred in finding Deputy Folds credible and finding the defendant’s inculpatory statement free and voluntary.
The assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. 3 & 4
By these assignments of error, defendant contends that the trial court erred in allowing Deputy Randall Johnson to testify to other crimes the defendant may have committed which were irrelevant to the case at bar and without notice. Defendant contends that the trial judge should have declared a mistrial.
The other crimes evidence to which the defense refers concerns a drug purchase made by a “narcotics user” from the defendant. This transaction provided some of the evidence for a search warrant that was later issued which turned up a significant quantity of drugs and drug paraphernalia from defendant’s residence.
Other crimes evidence is generally inadmissible and excluded because the defendant should not be presumed guilty of the instant crime because he was accused of, or found guilty of, past offenses. State v. Odds, 430 So.2d 1269 (La.App. 1 Cir. 1983). However, under La.R.S. 15:447 and 15:448, evidence of other crimes is admissible if it is part of the res gestae.
In State v. Roberson, 454 So.2d 343 (La. App. 4 Cir.1984), writ den., 458 So.2d 126 (La.1984), the defendant was charged with possession of phencyclidine. In its opening statement, the prosecution made reference to an informant’s statement about drugs *117 being manufactured on defendant’s premises. According to defendant, that comment constituted an improper reference to another crime. The court found that the comment was not a reference to another crime at all, but merely set forth the circumstances underlying the issuance of the search warrant which led to the seizure of drugs. As such, it was part of the res gestae of the crime charged.
This case is analogous to Roberson, supra. The evidence of the prior drug purchase by Marilyn Johnson is part of the res gestae of the crime charged and not another crime. The testimony of Deputy Johnson regarding a drug purchase by a narcotics user from the defendant did, in part, provide probable cause for a search warrant. As such, the acts of Marilyn Johnson as testified to by Deputy Johnson formed one continuous transaction with the crime charged and is part of the res gestae.
Defendant complains that he was prejudiced because he received no notice of these other crimes as required under La.C. Cr.P. art. 720 and State v. Prieur, 277 So.2d 126 (La.1973). The State is not required to give notice of crimes that fall within the res gestae exception to the prohibition against other crimes evidence. State v. Nogess, 490 So.2d 488 (La.App. 4 Cir.1986).
Defendant may request a mistrial under La.C.Cr.P. art. 796 due to prejudicial conduct, but a mistrial is a drastic remedy and is warranted only when the result is substantial prejudice to the defendant, depriving him of a fair trial. State v. Richardson, 444 So.2d 654 (La. App. 1 Cir.1983), writ denied, 446 So.2d 313 (La.1984). Whether a mistrial should be granted when prejudicial conduct occurs in the courtroom, and whether this “conduct” makes it impossible for the defendant to obtain a fair trial, is within the sound discretion of the trial judge. The judge’s decision will not be disturbed on appeal absent abuse of discretion. State v. Lowe, 485 So.2d 99 (La.App. 2 Cir.1986), writ den., 488 So.2d 199 (La.1986). We cannot say the trial judge abused his discretion in denying defendant’s motion for a mistrial.
These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 5
By this assignment of error, defendant alleges that the trial court erred in failing to acquit him because the law and the evidence were not sufficient to support a verdict of guilty.
Evidence was adduced at trial that defendant admitted that he made methamphetamine. Lots of paraphernalia were found, including formulas later identified by a forensic chemist as being the “recipe” for methamphetamine. From defendant’s admission, the formulas, and the substantial quantity of paraphernalia found at defendant’s residence and in his storage facility, a rational trier of fact reviewing the evidence in a light most favorable to the prosecution could find defendant guilty beyond a reasonable doubt of possessing and manufacturing methamphetamine with the intent to distribute.
ASSIGNMENT OF ERROR NO. 6
By this assignment of error, defendant contends that the trial court erred by imposing an excessive sentence, violating his constitutional rights under La. Const.1974, Art. 1, § 20. He alleges that the trial judge erred in failing to adequately consider letters submitted on his behalf and the fact that defendant had no prior convictions. The defense also argues that the trial judge failed to consider a different sentence.
The trial judge has wide discretion in imposing a sentence within statutory limits. State v. Valentine, 464 So.2d 1091 (La.App. 1 Cir.1985), writ denied, 468 So.2d 572 (La.1985). Given compliance with La.C.Cr.P. art. 894.1, a sentence will not be set aside as excessive unless it is so disproportionate to the crime that it shocks our sense of justice or is no more than a needless infliction of pain and suffering. Valentine, supra.
The record indicates that the trial judge thoroughly examined both the miti *118 gating and the aggravating factors. The trial judge was aware that this was defendant’s first conviction and that he had served nine months in the parish jail before posting bond. The judge found that because defendant had been associated with drugs all his life, he was in need of a correctional or custodial environment. The judge felt a lesser sentence would deprecate the seriousness of the defendant’s crimes. The judge considered that defendant had a history of being arrested for drugs, even though he had not been previously convicted.
The sentences are within the statutory range, and defendant has a history of involvement in the drug culture. Defendant’s conduct in drug manufacturing in significant quantities threatens serious harm to others. The trial judge did not abuse his sentencing discretion.
This assignment of error is without merit.
For the reasons assigned, the convictions and sentences imposed upon defendant are affirmed.
AFFIRMED.