DOMENGEAUX, Judge.
Defendant, Levi Drumgoole, was charged by bill of information with burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. Defendant pled not guilty to that charge. The State amended the bill to charge defendant with illegal possession of stolen things, a violation of La.R.S. 14:69. Defendant pled not guilty to this charge. After a jury trial, defendant was found guilty of receiving stolen things of $500.00 or more in value. A pre-sentence investigation was ordered. The State filed an Habitual Offender Bill. Defendant was found to be an habitual offender and was sentenced to serve fifteen years at hard labor and to pay a fine of $1,500.00.
On October 28, 1985, the house of Mrs. Darris Chambers was broken into. A 92-piece set of silverware, a 19-inch Zenith color television, a stereo and speakers, and several silver trays were taken in the burglary. The police investigation traced several of these items to a pawn shop. Defendant was subsequently identified as one of the persons who had sold those items to the owners of the pawn shop.
ASSIGNMENT OF ERROR NO. 1
Appellant claims the trial court erred in excusing a possible juror, Mrs. Juanita Williams Henry for cause because she knew the defendant and his family and it would be hard for her to convict the defendant, but she could vote to convict if he was proven guilty.
The record reflects the State exhausted all its peremptory challenges, thus this complaint can be raised on appeal.
The trial judge is vested with broad discretion and ruling on a challenge for cause, which will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Smith, 466 So.2d 1343 (La.App. 3rd Cir.1985).
La.C.Cr.P. art. 797 provides that a challenge for cause may be granted when a juror has a relationship with the defendant whether by blood, marriage, employment, or friendship, and it is reasonable to conclude that the relationship would influence the juror in arriving at a verdict.
The prospective juror in this case admitted that she was friends with the *911 defendant’s family. She saw defendant’s father nearly every day and had a very close relationship with the family. She ad- ■ mitted that this relationship would make it hard for her to be an impartial juror. Under these circumstances, it was reasonable for the trial judge to conclude that the prospective juror’s relationship with the defendant’s family would influence her in arriving at a verdict. Therefore, the trial judge did not err in granting the State’s challenge for cause of this prospective juror.
ASSIGNMENT OF ERROR NO. 2
Defendant also claims that the trial court erred in finding that the State proved he received goods valued at over $500.00.
One of the elements of the crime of illegal possession of stolen property of $500.00 or more in value is that the property actually had a value of $500.00 or more. The State must prove this to convict the defendant.
Defendant objected to the State’s calling an unannounced witness and her qualification as an expert on the value of the silver taken. The defendant does not have any authority for his argument that the State must announce its witnesses or be penalized by not being allowed to call them. Further, defendant does not point out any prejudice he suffered because he was taken by surprise by this witness. Defendant surely could not have been surprised that the State intended to prove the value of the items taken in the burglary.
Competency of an expert is a question of fact within the sound discretion of the trial judge. State v. Watson, 449 So.2d 1321 (La.1984). In the instant case, the State offered testimony of June Hollis to show the value of the silverware. She testified that she was a local jeweler, that she was familiar with the brand of sterling flatware involved in the instant case, and that she was familiar with methods of evaluating it. Under these circumstances the trial court did not err in allowing her to give her opinion as to the value of the silverware stolen.
Mrs. Hollis testified that the silverware taken was valued at over $5,000.00. The victim testified that she paid about $700.00 for her television about five years earlier and was told it was worth about $500.00 when she asked about its present value. Therefore, the prosecution did prove that the property taken was valued at over $500.00. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 3
This assignment of error was not briefed. Therefore, it is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
For the above and foregoing reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.