444 So.2d 654 (1983)
STATE of Louisiana
v.
Anthony RICHARDSON.
No. 83 KA 0556.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Writ Denied March 9, 1984.
*655 Ossie B. Brown, Dist. Atty., by Ralph Roy, Sp. Prosecutor Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
M. Michele Fournet, Vince Wilkins, Asst. Public Defenders, Baton Rouge, for defendant-appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Defendant, Anthony Ray Richardson, was charged by grand jury indictment with *656 first degree murder. La.R.S. 14:30. He pled not guilty and not guilty by reason of insanity. A sanity commission was appointed to determine defendant's capacity to assist his counsel and his mental state at the time of the commission of the alleged crime. The defendant was declared competent to stand trial. Subsequently, the defendant was found guilty by a 12 person jury of second degree murder. The trial court sentenced defendant to be confined by the Department of Corrections for life at hard labor, without benefit of probation, parole or suspension of sentence.
On appeal, defendant assigns 16 errors, of which he briefs only five. Those assignments of error not briefed are considered abandoned. Rule 2-12.4, Uniform Rules Court of Appeal.
At trial, defendant never disputed the fact that he had shot and killed the victim and wounded another man. The only issue before the jury was defendant's state of mind at the time of the crime.

FACTS
The defendant was an employee of the Rainbo Egg Co. in Baton Rouge for a period of about six months. A short time prior to the shooting the defendant purchased a .22 caliber pistol and brought it to work with him. When he displayed the pistol to a co-worker, Charlie Tate, he was informed that if Mr. Croucher, the manager, saw the gun on the premises, the defendant would be fired.
Approximately one week later Mrs. Croucher was visiting the shop, and when she used the women's restroom she discovered the gun in the towel dispenser. Immediately she notified Charlie Tate who told her to inform her husband while he kept the defendant busy.
The defendant followed Mr. Croucher into the restroom where Mr. Croucher retrieved the gun from the dispenser and turned it over to the defendant. Mr. Croucher then informed the defendant that he would have to be fired for having the gun at the shop. Upon exiting the restroom the defendant fired the gun at Mr. Croucher hitting him twice above the ear and once in the neck. The defendant then fired at Mr. Tate three times, hitting him once in the left shoulder.

ASSIGNMENT OF ERROR NO. 9
In this assignment the defendant contends that the trial court erred in not granting a motion that one of the prospective jurors be removed for cause. The prospective juror, Kenneth Galik, had initially expressed an inability to apply the law concerning the insanity defense in La. R.S. 14:14 and Article 652 of the Louisiana Code of Criminal Procedure.
The trial court is given broad discretion in ruling on challenges for cause. The court's ruling will be overturned only when it has exercised its discretion arbitrarily and unreasonably. State v. McIntyre, 381 So.2d 408 (La.1980); State v. Dickinson, 370 So.2d 557 (La.1979).
Viewing the record as a whole, Mr. Galik's responses were due to a layman's lack of knowledge of the law. The trial court, thereafter, explained the parties' burdens of proof. After the explanation Mr. Galik then stated that he understood the law and would try to apply the standards of proof if chosen to serve as a juror.
This case is distinguishable from the case of State v. Nolan, 341 So.2d 885 (La.1977). In Nolan the juror's seemingly prejudicial remark was due to a lack of comprehension and confusion as to the questions propounded. Only after extensive coaching by the trial court and the State was an abuse of discretion found.
The questioning of Mr. Galik was unlike that found in Nolan, supra, in that Mr. Galik was able to understand the Court's explanation and a willingness to properly apply the law was expressed. This assignment of error lacks merit.

ASSIGNMENT OF ERRORS NOS. 13 AND 14
The defendant argues that the trial court erred when it denied the defendant's motions *657 for mistrial when the prosecutor made a reference to the Hinckley trial, and when the prosecutor asked a defense witness if he were aware that two other doctors thought the defendant was malingering.
Article 775 of the Louisiana Code of Criminal Procedure states that a mistrial shall be ordered "... when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial...."
It is well settled that a mistrial is a drastic remedy and is warranted only when the result is substantial prejudice to the defendant depriving him of a fair trial. State v. Sepulvado, 359 So.2d 137, (La. 1978).
The objections raised by defense counsel in reference to the Hinckley remark was sustained. The trial court admonished the prosecutor from future remarks in reference to any other trial. The judge further admonished the jury to disregard the Hinckley trial comment. Any possible error was adequately corrected by the above admonitions.
The defendant asserts that the comments made about the defendant's possible malingering was an attempt to introduce hearsay evidence.
In State v. Stephenson, 291 So.2d 767 (La.1974), the Louisiana Supreme Court held that a prosecutor's deliberate and repeated attempts to elicit hearsay testimony was not grounds for mistrial because the trial judge sustained every objection raised by defense counsel.
The judge in this case sustained every objection made by defendant's counsel. The facts also show that Dr. Landry did testify that in his opinion the defendant was malingering. This negates any unfair prejudice to the defendant under the argument that there could be no cross-examination on the question.
Any error was sufficiently corrected by sustaining of the defendant's objection. Substantial prejudice to the defendant did not occur.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 15
The defendant contends that the trial court committed error in denying a special instruction for the sanity test be given to the jury.
Article 807 of the Louisiana Code of Criminal Procedure provides:
"A requested special charge shall be given by the Court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
The defendant requested the following charge be given under Article 807:
"When no question of sanity is raised, the state's burden of proving sanity is satisfied by the presumption of sanity, which stands in the place of evidence. When however, `some' evidence, which need only be `slight', of a defendant's insanity is introduced at trial, the presumption is insufficient and the state must prove the defendant's sanity beyond a reasonable doubt."
The requested special charge is not consistent with Louisiana law. The burden is on the defendant in establishing the defense of insanity at the time of the offense by a preponderance of the evidence. La.C. Cr.P. Art. 652.
Since the burden placed on a defendant in Louisiana is somewhat less than the "reasonable doubt" standard upheld in other states, the defendant's due process rights have not been infringed. Leland v. State of Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). The trial court properly denied the requested special charge. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 16
In this assignment of error the defendant alleges that he met his burden of proof in *658 establishing insanity beyond a preponderance of the evidence, and that the trial judge erred in denying his motion for post judgment acquittal.
The defendant argues that the testimony of defense expert witness, Dr. Mark Zimmerman, was not rebutted at trial. Dr. Zimmerman testified at trial that the defendant was unable to distinguish right from wrong at the time of the shooting.
In reviewing claims of insufficiency of evidence in regard to the insanity defense the test is "... whether any rational fact finder, viewing the evidence in the light most favorable to the prosecution, could find, beyond a reasonable doubt, that the defendant failed to present a preponderance of proof in support of the defense." State v. Price, 403 So.2d 660, 662 (La.1981).
Using the standard of proof as stated in Price, supra, a rational trier of fact could conclude beyond a reasonable doubt that the defendant failed to prove his insanity by a preponderance of the evidence.
A defendant's proof of insanity by a preponderance of the evidence may be effectively rebutted by the prosecution through the use of expert or lay testimony. State v. Claibon, 395 So.2d 770 (La.1981).
Sufficient lay testimony to rebut the defense of insanity was presented at trial. Charlie Tate stated that the defendant was a good, normal worker. Another worker, Ted Reeder, worked with the defendant everyday for a period of five or six months. Dr. Zimmerman only spent five hours with the defendant. When Dr. Zimmerman was asked whether he could be certain whether the defendant knew right from wrong, he stated that he could not be certain unless he had seen the incident.
The testimony of Dr. Landry coupled with the lay testimony, when viewed in a light most favorable to the prosecution, could lead a rational juror to conclude beyond a reasonable doubt that the defendant did not prove his insanity defense by a preponderance of the evidence.
This assignment of error is without merit.
Therefore, for the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.