487 So.2d 540 (1986)
STATE of Louisiana
v.
Mohammad K. QURAAN.
No. KA-3440.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*541 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Judith Brewster, Asst. Dist. Atty., New Orleans, for State of La., plaintiff-appellee.
Joseph Meyer, Jr., New Orleans, for Mohammad K. Quraan, defendant-appellant.
Before SCHOTT, GARRISON and BYRNES, JJ.
GARRISON, Judge.
The defendant, Mohammad K. Quraan, was charged by grand jury indictment with second degree murder in violation of LSA-R.S. 14:30.1. After trial, a jury found the defendant guilty of manslaughter.[1] The *542 trial judge sentenced the defendant to eight years at hard labor. This sentence is to be served without benefit of parole, probation or suspension of sentence in accordance with LSA-C.Cr.P. art. 893.1. The defendant was also given an additional two year sentence to be served at hard labor and without benefit of parole, probation or suspension of sentence in accordance with LSA-R.S. 14:95.2. The two sentences are to be served consecutively. Defendant now appeals these sentences.[2]
A review of the record reveals that there are no errors patent.
On appeal, the defendant first argues that the trial court erred in imposing an illegal sentence. Specifically, the defendant claims that the trial judge illegally sentenced him under the provisions of both C.Cr.P. art. 893.1[3] and R.S. 14:95.2.[4] Both of these provisions deal with the sentencing of a defendant when a firearm has been used in the commission of a felony.
Two separate issues are presented in this case with regard to the simultaneous imposition of the penalty provisions of Art. 893.1 and R.S. 14:95.2: (1) whether or not the application of both of these provisions is mandatory when a firearm is used in the commission of a felony and (2) whether or not the simultaneous application of both of these statutes constitutes an illegal sentence.
In the trial judge's reasons for sentencing, he stated that he was required by law to impose the penalty provisions of both Art. 893.1 and R.S. 14:95.2 in this case. However, the Louisiana Supreme Court has recently concluded that the application of these two provisions is not mandatory. State v. Coleman, 465 So.2d 709 (La.1985). Although the language of these two provisions states that a defendant "shall ... serve" an additional term (R.S. 14:95.2) and that the court "shall impose" a minimum sentence (Art. 893.1), the Coleman case specified that the application of these provisions is not imperative if the district attorney has failed to charge the defendant with the use of a firearm or has failed to timely move for enhancement of the sentence. Because the district attorney took neither of these steps in this case, the trial judge was not obligated to impose both of these penalty provisions.
The issue of whether or not a trial judge is permitted to sentence a defendant under *543 both Art. 893.1 and R.S. 14:95.2 has also been recently addressed by the Louisiana Supreme Court. The court determined that the simultaneous imposition of both of these sentencing provisions does not constitute cruel, unusual or excessive punishment. State v. Barberousse, 480 So.2d 273 (La.1985); State v. Hogan, 480 So.2d 288 (La.1985). The court additionally found that these two statutes are complementary rather than parallel. State v. Harris, 480 So.2d 281 (La.1985); State v. Kennedy, 480 So.2d 299 (La.1985).
Although it has been determined that the simultaneous imposition of Art. 893.1 and R.S. 14:95.2 is not illegal per se, other factors must also be considered in each case to determine whether or not these sentencing provisions were properly applied.
Although R.S. 14:95.2 does not establish an independent crime, it does define specific criminal activity, i.e. the use of a firearm in the commission of a felony, and it does provide for an independent or supplemental penalty. State v. Jackson, 480 So.2d 263 (La.1985). Therefore, in order for the enhanced sentencing provision of R.S. 14:95.2 to attach, the defendant must have been charged in the bill of information or indictment with firearm use or with the violation of R.S. 14:95.2. State v. Jackson, supra. This requirement is necessary to ensure that the defendant is "informed of the nature and cause" of the accusation against him. U.S. Const. amend. VI. Because the Jackson case stated that this ruling is to be given limited retroactive application, i.e. to convictions which have not become final upon first appellate review, it is applicable to the instant case.
The bill of indictment in this case does not mention either the use of a firearm or the violation of R.S. 14:95.2 in the commission of this felony. Additionally, the jury did not convict the defendant of either of the above. Therefore, the defendant may not be sentenced to the additional two years at hard labor under the provisions of R.S. 14:95.2.
Conversely, C.Cr.P. art. 893.1 does not define a crime and does not impose an additional penalty when a firearm is used in the commission of a felony; rather, it merely limits the trial judge's sentencing discretion by providing a minimum sentence which is determined by the penalty provision of the crime involved. (See footnote 3). This article also mandates that "imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole."
Because Art. 893.1 is only a sentencing statute, a defendant need not be charged in the bill of information or indictment with firearm use to be subjected to the penalties of this article. State v. Jackson, supra. However, the implementation of Article 893.1 does require written notice by the prosecution prior to trial of the intended application of this limitation of the judge's sentencing discretion. The Jackson court held that this new procedural requirement is to be afforded only prospective application, i.e. to cases which are tried after the date of the Jackson opinion (December 2, 1985). An exception to this rule is that this ruling will be applied retroactively if a showing is made that the defendant was prejudiced by the failure of the prosecution to advise the defendant of the forthcoming invocation of Art. 893.1. In Jackson, the court found that the defendant was prejudiced because he stipulated for use at his manslaughter trial the entirety of the preliminary examination evidence, including the state's evidence of firearm use. The court felt that if the defendant had known that he would receive an enhanced penalty due to the firearm use, chances are that he would have chosen to have this evidence presented to a jury in the hope of being acquitted or of being convicted of a lesser charge.
No such prejudice was shown in the instant case. Although the defendant received no pre-trial notice of the impending application of art. 893.1, he was not entitled to such notice due to the fact that his trial took place prior to the rendition of the Jackson decision. In order for the pre-trial *544 notice requirement of that decision to apply retroactively, a defendant must demonstrate some particular prejudice from this lack of notice. In this case, the defendant had pre-trial knowledge of the state's intent to prove firearm use because, in response to the defendant's pre-trial motion for discovery and inspection, the state informed him of its possession of statements made by the defendant in which the defendant admitted shooting the victim because the victim had allegedly pulled a knife on him. Because there is no evidence of prejudice to the defendant from the absence of pre-trial written notice informing him of the state's intention to invoke the provisions of art. 893.1, the enhanced penalty provisions of this article were properly applied. State v. Hogan, supra; State v. Harris, supra.
Accordingly, defendant's conviction is affirmed; his sentence is reversed and this case is remanded for resentencing in accordance with the views expressed herein and according to law.
CONVICTION AFFIRMED; SENTENCE REVERSED; CASE REMANDED.
NOTES
[1] LSA-R.S. 14:31 defines manslaughter as follows:

(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.
[2] The defendant's trial transcript has not been designated on appeal.
[3] LSA-C.Cr.P. art. 893.1 states:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
[4] LSA-R.S. 14:95.2 states:

A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.