510 So.2d 14 (1987)
STATE of Louisiana
v.
Murphy ALLO.
No. 87-KA-18.
Court of Appeal of Louisiana, Fifth Circuit.
May 1, 1987.
Rehearing Denied August 17, 1987.
*16 Ralph L. Barnett, George P. Vedros, Gretna, for defendant/appellant.
Louise Korns, of counsel, Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, New Courthouse Annex, Gretna, for State.
Before CHEHARDY, BOWES and WICKER, JJ.
BOWES, Judge.
This appeal arises from a six-person jury verdict of guilty of attempted obscenity in violation of LSA-R.S. 14:27, 14:106. Defendant appeals.
A bill of information was filed charging defendant with a violation of L.R.S. 14:106, in that he did "willfully and unlawfully commit the crime of obscenity in that he did indecently and publicly expose his penis in a place open to the view of people and the public at large with the intent of arousing sexual desires." At the conclusion of the trial, a six-person jury returned a verdict of guilty of attempted obscenity (L.R.S. 14:27, 14:106).
Defendant was sentenced to serve a term of six months without benefit of probation, parole, or suspension of sentence in the Jefferson Parish Correctional Center. Defendant was also ordered to pay a fine of $250.00, plus costs. This appeal was subsequently filed. We affirm the conviction but annul the sentence and remand the case for resentencing.
The crucial, factual, testimony of this case is conflicting and determinative of the jury's verdict. The victim, Nicole Gross, 13 years old at the time of the incident, testified that on June 10, 1985, while she was outside, the defendant called her over to his house, which is enclosed by a wooden fence six feet high, to ask her if she would feed his dog for him while he and his family went on vacation. After Nicole agreed, Allo closed the gate and proceeded to show her where the dog food was. The victim further testified that he then showed her how to use the water hose and, when he did that, he lifted his leg up against the wall and his penis fell out of his gym shorts. When Nicole saw this happen, she testified that she was shaken up, but thought perhaps it was an accident.
At this initial encounter, defendant and Nicole were talking inside his closed wooden gate, which the testimony showed to be 6 feet high and the "width of a driveway." Nicole testified that she then went home, but, about twenty minutes later, the defendant called her back over to his house and that this time he was sitting in a chair about a foot and a half to two feet behind his gate, which was open. She said she could see him from her lawn across the street. When she was approaching his gate and about six feet away from him, she noticed he was exposing himself (his penis). She testified that this could be seen from outside the gate and that she thought Allo intentionally exposed himself the second time.
Allo testified that the first time he saw Nicole that day he did call her over to his house to discuss feeding his dog, but at no time was he aware that he was exposed to her. However, he also testified that the second time Nicole came over she did so on her own volition to ask him where his wife was and when she would be returning. He stated that, while this exchange took place, he was partially kneeling on the ground working on his lawn mower and did not pay much attention to Nicole, and that at no time did he expose himself to her.
Defendant presents six assignments of error:
1. The Trial Court committed reversible error by denying defense counsel's request to call to the stand Mr. Milton Bourne.
2. The Trial Court committed reversible error in denying defense counsel's Motion for a Mistrial.
3. The Trial Court committed reversible error by not allowing defendant to show a possible motive for the mother of the victim to lie.

*17 4. The Trial Court committed reversible error in failing to quash the Bill of Information.
5. The Trial Court committed reversible error in the sentencing of the defendant.
6. Errors patent on the face.

Assignment of Error No. 1
Defendant contends that after the sequestration of witnesses was ordered in this case, he became aware of the possibility that someone who had been sitting through the trial could be a witness for the defense. As the sequestration order was in effect, the trial judge refused to allow the individual to testify.
The sequestration rule is contained in LSA-C.Cr.P. art. 764 and reads in pertinent part:
Art. 764. Exclusion and conduct of witnesses
A. Upon its own motion, the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.
The purpose of this article is to prevent witnesses from being influenced by the testimony of earlier witnesses and to strengthen the role of cross-examination in developing the facts. The trial judge, in his discretion, may determine the disqualification of a witness when a rule of sequestration has been violated. State v. Narcisse, 426 So.2d 118 (La.1983), cert. den. Narcisse v. Louisiana, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983), rehearing den. 464 U.S. 1004, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983). Ordinarily, the trial judge's ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. There are, of course, certain constitutional limitations on the exercise of that discretion. See State v. Warren, 437 So.2d 836 (La.1983).
In the present case, the precluded testimony did not go to the actual occurrence, but rather went to the demeanor of the victim after the alleged occurrence. Although the evidence would be relevant to impeach the testimony of the State's witnesses, it does not shed any light on whether defendant actually committed the offense; therefore, it does not appear the exclusion of the evidence would have any effect on the jury's verdict. Furthermore, the defendant took the stand and testified in his own behalf and also called several other witnesses to testify in his behalf. More importantly, because the individual listened to all the testimony, there is a great probability that his testimony would be tainted.
The exclusion of the sought-after testimony does not affect the substantial rights of the accused in regard to whether or not the offense was committed. Accordingly, we find no error in the trial judge's ruling, but, if there was any, we hold it to be harmless. This assignment lacks merit.

Assignment of Error No. 2
During cross-examination of Wendy Johnson, one of the victim's friends who had been called by the defense, the prosecutor asked her if she had ever told anyone that the defendant gave her the creeps and that he looked at her like he was trying to take her clothes off of her. Defense counsel objected to this line of questioning as being prejudicial in that it tended to attack the reputation of the defendant, which was not at issue, and then moved for a mistrial. Defendant contends that a mistrial should have been granted pursuant to LSA-C. Cr.P. art. 770[1] and art. 775.[2]
*18 Although the questioning was perhaps improper in that a proper foundation was not laid for impeachment purposes, it cannot be said that the line of questioning falls within the specific grounds for a mistrial under La.C.Cr.P. art. 770(2), as the prosecutor did not actually refer to another crime. Therefore, the emphasis of this argument rests on the prejudicial effect of the prosecutor's question.
It is well settled that mistrial is a drastic remedy and should be declared only when the result is substantial prejudice to the defendant depriving him of a fair trial. The determination of whether prejudice has resulted lies within the sound discretion of the trial judge. State v. Smith, 430 So.2d 31 (La.1983); State v. Richardson, 444 So.2d 654 (La.App. 1 Cir.1983) writ denied 446 So.2d 313 (La.1984).
We have carefully considered the totality of the context of the statement at issue, and we find the questioning does not appear to be so prejudicial as to warrant a mistrial under LSA-C.Cr.P. art. 775. It is very unlikely that this line of questioning contributed in any way to the verdict, since the jury apparently felt that defendant committed the offense but, nonetheless, came back with a verdict of attempted obscenity, rather than obscenity. The error, if any, appears to be harmless because it did not affect the substantial rights of the accused. See La.C.Cr.P. art. 921. Given the drastic nature of the remedy of mistrial, we are of the opinion that the trial judge did not abuse his discretion in failing to grant a mistrial under the circumstances here. State v. Maillian, 464 So.2d 1071 (La.App. 1 Cir.1985); writ denied 469 So.2d 982 (La.1985).
This assignment lacks substance.

Assignment of Error No. 3
Defense counsel contends that, during the testimony of the defendant, he should have been allowed to discuss the relationship the defendant had with the mother of the victim and the rejection by the defendant of the amorous advances of the victim's mother toward him in order to show a possible motive for the mother to lie.
LSA-R.S. 15:486 states: "Each side has the right to impeach the testimony and the credibility of every witness sworn on behalf of the other side." State v. Gabriel, 450 So.2d 611 (La.1984); State v. Guidroz, 498 So.2d 108 (La.App. 5 Cir.1986).
One accepted method of impeaching a witness is by showing that the witness is biased or interested in the special case on trial because of partiality or of any acts, relationships, or motives reasonably likely to produce such partiality. State v. Robinson, 337 So.2d 1168 (La.1976); State v. Jenkins, 456 So.2d 174 (La.App. 2 Cir. 1984); writ den. 460 So.2d 1043 (La.1984). This method of impeachment is provided for in L.R.S. 15:492, which reads as follows:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
The broad right to impeach a witness for bias, interest or corruption is dictated not only by L.R.S. 15:492, but also by the statutory right to full cross-examination and, in Louisiana, full cross-examination is generally permitted. State v. Jenkins, supra; L.R.S. 15:280; see also State v. Nash, 475 So.2d 752 (La.1985).

*19 The bias permitted to be exposed must be personal against the defendant rather than general in nature, and the interest must be particular as to the case; therefore, general prejudices or special biases or interests too irrelevant to or too remote to the issues of the case at trial have been considered improper as impeachment for this purpose.
State v. Robinson, supra at 1170.
However, before such an attack can be made (to show bias or interest) by the introduction of extrinsic evidence, defendant must lay a proper foundation during cross-examination of the witness sought to be impeached. State v. Hookfin, 476 So.2d 481 (La.App. 1 Cir.1985).
In this case, the defense attorney was asserting that the mother of the victim had a possible motive to lie. During the testimony of defendant, defense counsel attempted to go into the relationship between defendant and the victim's mother. Before defense counsel was able to go into this line of questioning, the State objected to any evidence being presented prior to the mother's marriage to her second husband, and the Court sustained the objection as to relevancy.
We note that the mother testified at trial before the defendant. Defense counsel at no time called the mother's attention to the particular fact causing the alleged bias. He attempted to show for the first time during his questioning of the defendant that the victim's mother may have had a motive to lie. By failing to question the mother about any possible motive, defense counsel failed to lay the proper foundation and the ruling of the trial judge was correct. State v. Bell, 488 So.2d 1200 (La. App. 4 Cir.1986).
This assignment is without merit.

Assignment of Error No. 4
Defense counsel claims that the bill of information charging obscenity should have been quashed because "the alleged offense took place on private property not open to public view," as is required by the statute.
LSA-R.S. 14:106 reads in part:
A. The crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.
The nature of a Motion to Quash is set forth in State v. Perez, 464 So.2d 737 (La. 1985):
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. It is treated much like an exception of no cause of action in a civil suit.
In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. [cites omitted]
In the present case, defendant is not raising any issue as to the sufficiency of the indictment under the specific wording of the statute, or it being defective in failing to advise the defendant of the specific crime with which he was charged, or the indictment failing to charge a valid offense. The defendant is essentially arguing that he has a valid defense to the indictment as written in that he contends the alleged offense took place on private property not open to the public view. If this were true, then one of the necessary elements of this portion of the obscenity statute would be lacking. However, the determination of this question is a factual matter which goes to the merits of the case and is a question for the jury to decide. As the Motion to Quash does not appear to be the proper procedural vehicle to raise this issue, the trial judge properly denied it.
In this assignment of error (Number 4), it is apparent that the defendant has indirectly raised the issue of sufficiency of *20 the evidence. The element of the crime which he contends is lacking is that the incident occurred in a "place open to public view." Although there is no doubt that the defendant was on his private property at the time of the second incident, there is adamant, positive, testimony from Nicole that the wooden gate was open sufficiently wide enough for her to completely view the defendant from her lawn across the street. Accordingly, a reasonable conclusion is that anyone could easily see the defendant sitting in his chair from the street. In addition, Officer Duay, the investigating officer, testified that he was informed during his investigation that the gate was open when the incident took place. The defendant testified that the gate was closed and Nicole opened it and stepped inside the gate. Whether or not the gate was open and how far it was open is a question for the jury to decide. From the above, we find that there is sufficient evidence for the jury to conclude that any passerby would have been able to see the defendant expose himself and, therefore, the exposure occurred in a "place open to the public view." Obviously, the jurors believed Nicole in this matter, and not the defendant, and it is their function to evaluate the credibility of the witnesses. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5
The defendant was convicted of attempted obscenity, in violation of 14:27, 14:106. He was sentenced to serve six months in parish prison without benefit of parole, probation, or suspension of sentence and was also fined $250 plus costs. It appears that the court sentenced defendant under L.R.S. 14:106(G)(4), which reads as follows:
When a violation of Paragraph (1), (2), or (3) of Subsection A of this Section is with or in the presence of an unmarried person under the age of seventeen years, the offender shall be fined not more than ten thousand dollars and shall be imprisoned, with or without hard labor, for not less than two years nor more than five years, without benefit of parole, probation or suspension of sentence.
Counsel for defendant contends that the sentence was improper because defendant was not charged under the specific subsection (G)(4). Defendant further argues that since the bill of information did not specifically charge defendant with a violation of this subsection, then defendant should have been sentenced under L.R.S. 14:106(G)(1) which does not mandate the sentence imposed be without benefit of parole, probation, or suspension of sentence. L.R.S. 14:106(G)(1) reads as follows:
On a first conviction, whoever commits the crime of obscenity shall be fined not less than one thousand dollars nor more than two thousand five hundred dollars, or imprisoned, with or without hard labor, for not less than six months nor more than three years, or both.
Therefore, says defense counsel, since defendant was found guilty of attempted obscenity, then, in sentencing the defendant, the maximum the judge could impose, according to L.R.S. 14:27(D)(3),[3] would be one-half of what is provided for in L.R.S. 14:106(G)(1).
A similar issue was discussed in State v. Jackson, 480 So.2d 263 (La.1985). There the question was whether notice to an accused before trial must precede any attempted application of either of the two firearm use penalty enhancement statutes (La.C.Cr.P. art. 893.1 and L.R.S. 14:95.2). In Jackson, after the judge found defendant guilty of manslaughter, he sentenced him to fifteen years and two years, to run consecutively, and to be served without benefit of parole, probation, or suspension of sentence. In addition, the two-year sentence was ordered to be served without credit for good time in accordance with La.C.Cr.P. art. 893.1 and L.R.S. 14:95.2. Defendant appealed, claiming that the lower *21 court erred in holding that notice is not required before imposition of sentence under La.C.Cr.P. art. 893.1 and L.R.S. 14:95.2. The Louisiana Supreme Court initially noted the differences in the two firearm statutes.
The Court ultimately held that since defendant was not charged with or convicted of firearm use, in violation of R.S. 14:95.2, then he could not be sentenced to the additional two years at hard labor under the provisions of R.S. 14:95.2.
The Court distinguished art. 893.1 from L.R.S. 14:95.2 because the former is merely a sentencing statute as it does not define a crime and does not impose an additional penalty when a firearm is used in the commission of a felony; rather it merely limits the judge's sentencing discretion by providing a minimum sentence which is determined by the penalty provision of the crime involved and further mandates that the sentence be without benefit of parole, probation, or suspension of sentence. Since art. 893.1 is only a sentencing statute, it is not imperative that a defendant be charged with firearm use for him to be exposed to the penalty provided in part by art. 893.1. Although a defendant need not be charged in the bill of information or indictment to be subjected to art. 893.1 penalties, the implementation of this article does require written notice by the prosecution prior to the trial of the intended application of this article. See also State v. Frazier, 492 So.2d 156 (La.App. 1 Cir.1986); State v. Quraan, 487 So.2d 540 (La.App. 4 Cir. 1986); and State v. Harris, 480 So.2d 281 (La.1985).
In the present case, the statute involved seems more akin to R.S. 14:95.2 in that it does define criminal activity, and it does provide for a supplemental penalty when the victim is unmarried and under the age of seventeen. Since defendant in the present case was neither charged with nor informed that he could receive a harsher penalty if the victim was a juvenile, his sentence may not be imposed with the stipulation that it be without benefit of parole, probation, or suspension of sentence. Accordingly, this portion of this assignment of error does have merit and this case must be remanded for proper sentencing. Also in this assignment, defendant contends his sentence is excessive for the facts of the case. As we have noted, upon his conviction of attempted obscenity, defendant was sentenced to serve six months in parish prison in addition to paying a $250.00 fine plus costs. Since the defendant was sentenced under R.S. 14:106(G)(1), the maximum he could have received was a fine of $1,250, or imprisonment for one year and one-half, with or without hard labor, or both.
A sentence is constitutionally excessive in violation of La. Const. of 1974, Art. I, Section 20, if the sentence is grossly out of proportion to the severity of the offense or nothing more than needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
In reviewing the sentencing guidelines in La.C.Cr.P. art. 894.1, the trial judge need not recite each aggravating and mitigating circumstance listed in the article; however, the record must reflect that he adequately considered those factors. State v. Barnes, supra.
Although, here, there appears to be only minimal compliance with art. 894.1, we find it sufficient in view of the record and the factors considered by the trial judge. In sentencing defendant, the trial judge took into account the youthful age of the victim (13), as well as defendant's prior criminal record, and the sentence is in the lower range of possible penalties. In addition, we take cognizance of the fact that the defendant was sentenced to serve time in parish prison without hard labor, rather than in the State penitentiary. Considering all of the above facts, we find that the sentence imposed is not excessive, except that he may not be required to serve the time imposed without benefit of parole, probation or suspension.

ASSIGNMENT OF ERROR NO. 6ERRORS PATENT
La.C.Cr.P. art. 920 provides "the following matters and no others should be considered *22 on appeal: (1) An error designated in the assignments of error; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
We have reviewed the record for errors patent in accordance with guidelines laid down by the Louisiana Supreme Court and find none present. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Brooks, 496 So.2d 1208 (La.App. 5 Cir.1986). This assignment lacks merit.
Accordingly, for the above and foregoing reasons, we affirm the conviction but annul the sentence and remand for resentencing consistent with this opinion.
CONVICTION AFFIRMED, SENTENCE ANNULLED AND REMANDED FOR RESENTENCING.
NOTES
[1] Art. 770 which reads in part as follows:

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
[...]
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
[...]
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
[2] Art. 775 reads in pertinent part:

Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
[3] L.R.S. 14:27(D)(3) reads as follows:

D. Whoever attempts to commit any crime shall be punished as follows:
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted: such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment for the offense so attempted, or both.