Judgment rendered November 19, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,492-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

versus

ANTONIO MARKUEZ BROWN              Appellant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2023CR5313

Honorable Larry Donell Jefferson, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Christopher Albert Aberle

ROBERT STEPHEN TEW                        Counsel for Appellee
District Attorney

ROBERT NICOLAS ANDERSON
DAVID JOSEPH SUMMERSGILL, JR.
Assistant District Attorneys

* * * * *

Before COX, HUNTER, and ELLENDER, JJ.

**COX, J.**

This criminal appeal arises from the Fourth Judicial District Court, Ouachita Parish, Louisiana. Defendant, Antonio Markuez Brown, was convicted of one count of obscenity in violation of La. R.S. 14:106(A)(1). Defendant was sentenced to 12 months without hard labor with all but time served suspended. Brown now appeals his conviction and sentence. For the following reasons, Brown's conviction is affirmed, and his sentence is vacated and remanded for resentencing.

**FACTS**

Brown was initially charged with two counts of obscenity and pled not guilty to both counts. A bench trial commenced February 10, 2025, where the following testimony was presented:

First, Deputy Sheriff Charles Crain ("Deputy Crain") testified that on October 21, 2023, he was dispatched to 206 Balboa Drive in reference to a woman, later identified as Cassandra Tuberville ("Tuberville"), who claimed a man exposed himself to her and her son, Steven Nguyen ("Nguyen"). Deputy Crain stated that both Tuberville and Nguyen provided similar statements about the incident and Tuberville provided a description of the man's clothing. Deputy Crain stated that Tuberville took him to the area where the incident occurred. During that time, Tuberville identified a man sitting in a white vehicle as the person who exposed himself to her and Nguyen. Deputy Crain then identified Brown in open court and recalled that when he effected the arrest, Brown was wearing a black shirt and light-colored sweatpants.

Next, Tuberville testified that she took her dog out for a walk with Nguyen. She stated that as they were going home, Brown exited the

passenger side of his vehicle and approached them.  Tuberville explained that she had interactions with Brown prior to this incident, and because of that, she would try to avoid coming in contact with him, even walking an extra block to her home to avoid encountering him.  Regarding the current incident, Tuberville stated that when Brown got closer to them, he told Nguyen, "Get the f*** out of the way," grabbed his genitals and exposed himself before he stated, "Move, [expletive], because I'm going to f*** this b****."  Tuberville stated Nguyen turned to her immediately, asking what he needed to do to defend her because both were unsure if Brown had a weapon.  Tuberville stated that she and Nguyen rushed home, and she called the police and then her husband.

On cross-examination, Tuberville reiterated that while on her walk, she did not see Brown until he walked around his car and walked out to stand in front of her.  She clarified that when Brown told Nguyen to move, he had his hand in his pants, and then quickly flicked out his genitals for a "good couple of seconds" before covering himself again.  Tuberville expressed that she should not have been exposed to that kind of conduct, especially with her son present, and in an area with a school close by. Tuberville stated that when the police arrived, she went outside and saw Brown in the middle of the road and identified him to both officers.

Tuberville also testified about a previous interaction with Brown, in which she was riding her bicycle when Brown stopped her, with his legs on either side of the front wheel of the bicycle.  She explained that Brown had a knife in his hand and commented on the rings she wore.  Tuberville stated that she was married and jerked her bicycle away and hurried home.

2

Nguyen then testified that he was 15 years old when the incident occurred. Nguyen stated that he went with his mother to walk their dog when Brown approached them. Nyguen admitted that prior to that occasion, he had only heard about Brown from his mother but had not seen him before that day. Nyguen explained that as Brown approached them, he stated, "Move, boy. Let me f*** that b****." Nguyen stated that when Brown exposed his genitals, he quickly looked at his mother and asked what he needed to do, and then they quickly went back home and called the police. Nguyen then identified Brown in open court. Nguyen admitted he was emotional when he provided his statement to the officers due to the situation. On cross-examination, Nguyen explained that while he and his mother were walking, he did not see anyone else before Brown walked out in front of them. He stated that Brown did not touch either of them and did not follow or say anything else to them.

Following testimony, defense counsel moved for judgment of acquittal for count two concerning Nguyen, which the court granted.[1] Thereafter, the court found Brown guilty as charged regarding count one. Brown was then sentenced to 12 months without hard labor with all but time served suspended. Brown was also placed on 12 months' supervised probation.

This appeal followed.

## DISCUSSION

On appeal, Brown presents only one assignment of error: whether the State presented sufficient evidence to find him guilty of obscenity. Brown

_____

[1] Count two concerned Nguyen, and following the motion from defense counsel, Brown was acquitted of the charge.

acknowledges that there was testimony presented that he made offensive statements and grabbed his genitalia but asserts there was no evidence to show that he intentionally or willfully exposed himself.

In support, Brown cites several cases concerning convictions for obscenity, including *State v. Narcisse*, 36,595 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1186; *State v. Rodriguez*, 98-2574 (La. App. 4 Cir. 2/16/00), 753 So. 2d 339; *State v. Odom*, 554 So. 2d 1281 (La. App. 1 Cir. 1989), *writ granted and judgment modified on other grounds,* 559 So. 2d 1362 (La. 1990);[2] and *State v. Allo*, 510 So. 2d 14 (La. App. 5 Cir. 1987), *writ denied,* 514 So. 2d 1174 (La. 1987).  Brown argues that in each of these cases, the convictions involved public masturbation, nudity, or multiple exposures, with evidence supporting intentional exposure.

Brown asserts that it was just as likely that his conduct (i.e., grabbing himself) while wearing loose-fitting pants, "led to an accidental exposure of his [genitals] for a matter of seconds."  Brown argues that without more, there was no evidence that he intentionally exposed himself.  Therefore, he argues that his conviction should be reversed and his sentenced vacated.

We disagree.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124

---

[2] The court affirmed the obscenity conviction for exposure.

S. Ct. 1604, 158 L.Ed. 2d 248 (2004); *State v. Robinson*, 55,688 (La. App. 2 Cir. 5/22/24), 387 So. 3d 854. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. *State v. Pigford*, 05-0477 (La. 2/22/06), 922 So. 2d 517.

The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony of any witness. *State v. Higgins*, 03-1980 (La. 4/1/05), 898 So. 2d 1219, *cert. denied*, 546 U.S. 883, 126 S. Ct. 182, 163 L.Ed. 2d 187 (2005); *Robinson*, *supra*. When there is conflicting evidence about factual matters, the resolution of which depends on a determination of the credibility of witnesses, the matter is one of the weight, not the sufficiency, of the evidence. *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L.Ed. 2d 652 (1982); *Robinson*, *supra*.

La. R.S. 14:106(A)(1) provides that the crime of obscenity is the intentional exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view, or in any prison or jail, with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.

Pursuant to this statute, the State was only required to prove Brown exposed himself in a public place, open to public view, and the exposure was patently offensive. Here, both Tuberville and Nguyen testified that Brown approached them on a public street and exposed himself after stating, "I'm going to f*** this b****." Brown does not deny he made these statements, nor does he claim that he did not expose himself in front of Tuberville and Nyguen; instead, he argues that the exposure was accidental and occurred for only a few seconds. However, the duration of such conduct is immaterial

to the State's burden of proof. Tuberville testified that Brown's actions were something that she should have never witnessed, and that she was not only concerned that Brown had exposed himself to her but had done so in front of her minor child. Likewise, Nguyen also testified that, even though he only saw a glimpse, he was uncomfortable with Brown's conduct.

The trial court was in the best position to weigh the testimony and credibility of each witness and could accept or disregard that testimony in determining whether Brown's exposure was intentional or accidental. Given the testimony presented, Brown's conduct, in tandem with his statements toward Tuberville, supports the State's assertion that Brown's exposure was not only intentional, but done to arouse sexual desire or appeal to a prurient interest, and was at a minimum, patently offensive. Therefore, we find that this assignment of error lacks merit, and Brown's conviction is affirmed.

**Error Patent**

Our review of the record has disclosed two errors patent discoverable on the face of the record. Specifically, during sentencing, the trial court failed to advise Brown of the prescriptive period for seeking post-conviction relief ("PCR") as required by La. C. Cr. P. art. 930.8(C). By way of this opinion, we advise Brown that no application for PCR shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. arts. 914 or 922. *State v. Tovar*, 56,298 (La. App. 2 Cir. 5/21/25), 411 So. 3d 966.

Further, the record reflects that the trial court sentenced Brown under La. R.S. 14:106(G)(1), imposing 12 months without hard labor with all but time served suspended. However, testimony presented established that Brown exposed himself to Tuberville in the presence of Nguyen, who was

15 years old at the time of the incident. Therefore, Brown should have been sentenced under La. R.S. 14:106(G)(4), which provides:

> When a violation of Paragraph (1), (2), or (3) of Subsection A of this Section is with or ***in the presence of an unmarried person under the age of seventeen years***, the offender shall be fined not more than ten thousand dollars and shall be imprisoned, with or without hard labor, for not less than two years nor more than five years, without benefit of parole, probation, or suspension of sentence. (Emphasis added).

La. C. Cr. P. art. 882(A) provides that an illegal sentence may be corrected at any time by an appellate court on review, despite the failure of either party to raise the issue. *State v. Thomas,* 55,579 (La. App. 2 Cir. 2/28/24), 381 So. 3d 892. Further, the appellate court may notice sentencing errors as error patent. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790. While this Court is not required to take such action, in this matter, however, and in this Court's discretion, we vacate Brown's sentence and remand this matter to the trial court to impose sentencing pursuant to the requirements of La. R.S. 14:106(G)(4).

## CONCLUSION

For the foregoing reasons, Brown's conviction is affirmed, and his sentence is vacated and remanded for resentencing in accordance with this opinion.

**CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED FOR RESENTENCING.**